# Exhibit A

## General Civil and Domestic Relations Case Filing Information Form

■ Superior or ☐ State Court of __Fulton__ County

**For Clerk Use Only**

Date Filed __10/1/2021__
MM-DD-YYYY

Case Number __2021CV355199__

| Plaintiff(s) | | | | | Defendant(s) | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Hix | William | | | | Acrisure | Holdings, Inc. | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** __Robert L. Ashe III__   **State Bar Number** __208077__   Self-Represented ☐

Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number              Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20



# Notice of Service of Process

**CHS / ALL**
**Transmittal Number: 23891224**
**Date Processed: 10/08/2021**

| | |
|---|---|
| **Primary Contact:** | Trish Partin<br>Acrisure, LLC<br>100 Ottawa Ave SW<br>Grand Rapids, MI 49503-5087 |
| **Electronic copy provided to:** | Alyssa Fagner<br>Tabatha Greer<br>Jamie Fortney<br>Marcy Hoholik<br>Lisa Lawton |
| **Entity:** | Acrisure Holdings, Inc.<br>Entity ID Number  3189503 |
| **Entity Served:** | Acrisure Holdings, Inc. |
| **Title of Action:** | William Hix vs. Acrisure Holdings, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Others |
| **Court/Agency:** | Fulton County Superior Court, GA |
| **Case/Reference No:** | 2021CV355199 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 10/05/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Robert L. Ashe III<br>404-881-4100 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Fulton County Superior Court
\*\*\*EFILED\*\*\*TV
Date: 10/1/2021 1:49 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

**WILLIAM HIX,**

Plaintiff,

vs.

**ACRISURE HOLDINGS, INC.,**

Defendant

) Case No.: 2021CV355199

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

Robert L. Ashe and Jennifer L. Peterson
Bondurant Mixson & Elmore LLP
1201 W. Peachtree St., NW, Suite 3900
Atlanta, GA 30309

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This 10/1/2021 day of _____, 20 ____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By _____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20 _____

Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

Fulton County Superior Court
\*\*\*EFILED\*\*\*TV
Date: 10/1/2021 1:49 PM
Cathelene Robinson, Clerk

### IN THE SUPERIOR COURT OF FULTON COUNTY
### STATE OF GEORGIA

**WILLIAM HIX,**

    **Plaintiff,**

v.

**ACRISURE HOLDINGS, INC.,**

    **Defendant.**

**CIVIL ACTION**

**FILE NO.** 2021CV355199

### COMPLAINT FOR DECLARATORY JUDGMENT
### AND MONEY DAMAGES

William Hix ("Mr. Hix") was a shareholder of Defendant Acrisure Holdings, Inc. ("Acrisure") until March 26, 2021, when Acrisure sent Mr. Hix a letter notifying him that Acrisure had, without warning, unilaterally bought his shares and kept the proceeds—$7,638,950—allegedly to offset what Acrisure newly alleged was Mr. Hix's previously unknown and unproven debt to Acrisure.

Mr. Hix brings this action seeking a declaration that he owed no debt to Acrisure, and for money damages for the stolen proceeds of the sale of his shares.

In support thereof, Mr. Hix states as follows:

#3259764v1

## The Parties

**1.**

Plaintiff William Hix is a former resident of Sandy Springs, Fulton County, Georgia, who now resides in Florida.

**2.**

Defendant Acrisure Holdings, Inc. is a Delaware corporation, and may be served with process through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. Acrisure is not registered to do business in Georgia, although certain related entities like Acrisure, LLC, are registered to do business in Georgia.

## Jurisdiction and Venue

**3.**

This Court has jurisdiction over the subject matter of this Complaint pursuant to Art. VI, § IV, ¶ I of the Georgia Constitution and O.C.G.A. §§ 9-4-2, 15-6-8(1).

**4.**

This Court has personal jurisdiction over Acrisure pursuant to O.C.G.A. § 9-10-91 because Acrisure transacts business in Georgia and has purposefully availed itself of the privilege of doing some act or consummating some transaction in Georgia.

**5.**

As one example of such a transaction, Acrisure sent the letter to Mr. Hix in Georgia in which it announced that it had bought Mr. Hix's shares, which were located in Fulton County, and retained the proceeds.

**6.**

As another example, Acrisure transacts business in Georgia through its insurance "agency partners," which include PentaRisk in Atlanta, Georgia.

**7.**

Venue is proper in this Court pursuant to O.C.G.A. § 9-10-93 because the injury occurred in Fulton County, Georgia.

**Operative Facts**

**8.**

Acrisure is a leader in the insurance industry and holds itself out as the fastest-growing insurance brokerage in industry history, with over $2 billion in pro forma revenue.

**9.**

Mr. Hix is an insurance professional who sold his PentaRisk insurance agency to a subsidiary of Acrisure in 2015, pursuant to an Asset Purchase Agreement.

**10.**

As part of the PentaRisk transaction, Mr. Hix acquired numerous shares in Acrisure, some of which he subsequently sold with Acrisure's permission.

**11.**

Acrisure, pursuant to its Fifth Amended and Restated Stockholders Agreement, claims the right to purchase for cash all or any portion of Mr. Hix's shares.

**12.**

In 2021, Acrisure unilaterally exercised this right with respect to all 935,000 of Mr. Hix's remaining shares, purchasing the shares at a per-share price of $8.17, for a total purchase price of $7,638,950.

**13.**

Acrisure incorrectly asserted that $8.17 "represents the per share fair market value" of the shares.

**14.**

Acrisure is not a publicly traded company, so there is no publicly available fair market value of its stock at any time. Upon information and belief, the asserted fair market value of Mr. Hix's shares was greater than $8.17 per share at the time of the forced sale. Further, Mr. Hix had substantial accrued dividends at

the time of the forced sale, for which Acrisure has provided Mr. Hix no compensation.

**15.**

Pursuant to its Fifth Amended and Restated Stockholders Agreement, Acrisure asserts the right to recoup any shareholder's liability to Acrisure from the proceeds of the purchase of that member's shares.

**16.**

Rather than pay Mr. Hix the cash purchase price of his shares, Acrisure notified Mr. Hix by letter of March 26, 2021 that it was retaining the total amount of the proceeds from Acrisure's forced sale of his stock as an offset of the amount Mr. Hix purportedly owed to Acrisure.

**17.**

Acrisure's letter, attached as Exhibit 1, was sent to Mr. Hix's house at 450 Heards Ferry Road NW, Sandy Springs, Fulton County, Georgia.

**18.**

Acrisure's letter included a table purporting to itemize $7,657,812.50 that Acrisure newly asserted Mr. Hix owed to Acrisure. *See* Ex. 1 at 2.

**19.**

In fact, this "debt" was pure invention and a pretext for Acrisure's unlawful retention of the proceeds from the sale of Mr. Hix's shares.

**20.**

Mr. Hix had and has no outstanding debt to Acrisure.

**21.**

Of Mr. Hix's purported "debt" to Acrisure, the majority, $6,841,692.50, is identified by Acrisure as Mr. Hix's 85% share of two years' worth of "earnout overpayment." *See* Ex. 1 at 2.

**22.**

Upon information and belief, this supposed "earnout overpayment" liability refers to the 2015 acquisition of PentaRisk by an Acrisure subsidiary.

**23.**

Under the Asset Purchase Agreement governing the 2015 acquisition, Acrisure paid a deferred portion of the purchase price—the "earnout"—to PentaRisk in 2016 and 2017 based upon the business's performance following its 2015 acquisition.

**24.**

Acrisure did not timely assert Mr. Hix's supposed earnout overpayment liability in accordance with any portion of the Asset Purchase Agreement.

**25.**

In a May 14, 2021 letter to Mr. Hix's counsel, Acrisure advised that it "has taken the required and appropriate steps to address" its dispute with Mr. Hix, and

affirmatively rejected any notion that the Asset Purchase Agreement's dispute resolution procedure was relevant or applicable to the question of Mr. Hix's alleged earnout overpayment.

26.

Acrisure's newly asserted "debt" owed by Mr. Hix also includes $634,741.00 in "[m]isappropriated" client checks. Ex. 1 at 2.

27.

Acrisure's allegation of misappropriation is false and is a pretext for retaining the proceeds from the sale of Mr. Hix's shares. In reality, clients periodically tendered checks to Mr. Hix's PentaRisk agency that Mr. Hix would then deposit with Acrisure or pay to the insurance carrier directly. Client checks that came to PentaRisk were either deposited with Acrisure or paid directly to the relevant carrier, and no client money was ever "misappropriated." A full and fair accounting of the funds would confirm that no client money was misspent or otherwise missing as between PentaRisk and Acrisure, and Acrisure's new claim to

the contrary is entirely pretextual. Acrisure knows that its allegation of misappropriation is spurious and defamatory, and intends it as such.

**28.**

Acrisure's newly asserted "debt" owed by Mr. Hix also includes $181,379.00 in pilots' salaries paid through PentaRisk payroll. Ex. 1 at 2.

**29.**

This assertion is also pretextual. Acrisure was long aware that PentaRisk had pilots on its payroll, and was further aware of the business purposes and benefits from that arrangement, and approved of that arrangement. Acrisure is further aware that Mr. Hix paid substantial expenses for these pilots and that Acrisure derived substantial value from the arrangement in excess of its costs. Rather than engage in good-faith dispute resolution regarding this issue, Acrisure unilaterally asserted a contrived sum as "debt" and then expropriated it from the forced sale of Mr. Hix's shares.

**30.**

Based on Acrisure's rejection of any contractual dispute resolution procedures that may have existed between the parties, Mr. Hix now brings this action to recover the proceeds from the compulsory sale of his shares and Acrisure's seizure of the proceeds.

## Count One – Declaratory Relief

**31.**

Mr. Hix incorporates and realleges each of the foregoing allegations in this Complaint.

**32.**

Mr. Hix respectfully requests that this Court enter a declaratory judgment that he had no outstanding debt or liability to Acrisure at the time of its purchase of his shares.

**33.**

Such declaratory relief is necessary to resolve the parties' "uncertainty and insecurity with respect to rights, status, and other legal relations," i.e., whether Mr. Hix had a liability to Acrisure that was properly recouped from the proceeds of Acrisure's sale of his shares.

## Count Two – Civil Theft

**34.**

Mr. Hix incorporates and realleges each of the foregoing allegations in this Complaint.

**35.**

Acrisure has committed a theft, as defined in Article 1 of Chapter 8 of Title 16 of the Georgia Code, of Mr. Hix's personal property.

**36.**

Acrisure unlawfully took, or unlawfully appropriated, the cash proceeds from the sale of Mr. Hix's Acrisure shares, including the accrued dividends.

**37.**

Pursuant to O.C.G.A. § 51-10-6(a), Mr. Hix is entitled to compensatory damages which may include, in addition to the value of the proceeds, any other loss he has sustained as a result of Acrisure's theft.

**38.**

In addition to compensatory damages, Mr. Hix is entitled to punitive damages because Acrisure's actions in asserting a nonexistent debt and retaining the proceeds from the sale of Mr. Hix's shares showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

### Count Three – Attorneys' Fees

**39.**

Mr. Hix incorporates and realleges each of the foregoing allegations in this Complaint.

**40.**

Mr. Hix is entitled to his costs and attorneys' fees pursuant to O.C.G.A. § 13-6-11. By baselessly asserting a debt that Mr. Hix did not owe, Acrisure has acted in bad faith and caused Mr. Hix unnecessary trouble and expense.

**Prayer for Relief**

WHEREFORE, Mr. Hix respectfully requests that the Court enter judgment as follows:

A. On Count One, an award of the declaratory relief described in that count, plus costs and attorneys' fees.

B. On Count Two, an award of money damages, including punitive damages, plus costs and attorneys' fees.

C. On Count Three, an award of costs and attorneys' fees.

D. On all counts, such other relief as the Court deems just and proper.

Respectfully submitted, this 30th day of September, 2021.

/s/ Robert L. Ashe III
Robert L. Ashe III
Georgia Bar No. 208077
*ashe@bmelaw.com*
Jennifer L. Peterson
Georgia Bar No. 601355
*peterson@bmelaw.com*
**BONDURANT MIXSON & ELMORE, LLP**
3900 One Atlantic Center
1201 West Peachtree Street, NW
Atlanta, Georgia 30309

                    Telephone:  404-881-4100
                    Facsimile:  404-881-4111

*Attorneys for William Hix*

# EXHIBIT 1



Ryan G. Foley
Chief Legal Officer

March 26, 2021

**VIA FEDEX**
Mr. Parker Hix
450 Heards Ferry Rd. NW
Sandy Springs, GA 30328

and

60 Cottage Street
Santa Rosa Beach, FL 32459

      Re:    Call Notice

Dear Mr. Hix:

This letter constitutes notice by Acrisure Holdings, Inc. (the Company") of the exercise of its Call Option, as defined in the Fifth Amended and Restated Stockholders Agreement among Company and certain of its stockholders, dated March 22, 2021 (the "Stockholders Agreement"), under Article V of the Stockholders Agreement.

The Company has elected to exercise its Call Option as to all of your 935,000 shares of the Company's Class C Preferred Stock held by you (the "Shares") at a per share price of $8.17, which represents the per share fair market value of the Company's Class C Preferred Stock as of the date of your termination of employment.

This letter also serves as notice to you of the Company's retention of the total amount of the proceeds, under Section 5.3.3, as an offset of the amount you owe the Company, as set forth in detail in attached <u>Exhibit A</u>.

The retention of the proceeds in the amount set forth in the attached does not represent the Company's exclusive remedy in seeking repayment of the amounts you owe the Company. In particular, the Company reserves all rights and remedies it has to collect the full amount of all damages and expenses incurred by the Company due to your conduct as a Company employee.

If you have any questions, please contact the undersigned at your convenience.

                ACRISURE HOLDINGS, INC.

                *Ryan G. Foley* (signature)

                Ryan G. Foley

cc: Richard G. Satin, Esq. (via email)



## EXHIBIT A

| Item | Amount | Explanation |
|---|---|---|
| Year One Earnout Overpayment | $3,685,237.00 | Fraudulent revenue booked for Earnout |
| Year Two Earnout Overpayment | $4,363,813.00 | Fraudulent revenue booked for Earnout |
| Total Overpayment | $8,049,050.00 | |
| Amount Allocable to Shareholder | **$6,841,692.50** | Based on Parker Hix's 85% ownership |
| Total Client Checks Misappropriated | $634,741.00 | |
| Total Pilots Salaries in 2019 & 2020 | $181,379.00 | Pilots for Parker Hix's personal airplane paid through PentaRisk payroll |
| **Total Amount Due** | **$7,657,812.50** | |

100 Ottawa Avenue SW, Grand Rapids, MI 49503

p 616.265.1635   •   e rfoley@acrisure.com   •   www.acrisure.com

# AFFIDAVIT OF SERVICE

**State of Georgia**  **County of Fulton**  **Superior Court**

Case Number: 2021CV355199

Plaintiff: **William Hix**
vs.
Defendant: **Acrisure Holdings, Inc.**

For:
Robert Ashe III
BONDURANT MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, GA 30309

Received by Ancillary Legal Corporation on the 4th day of October, 2021 at 12:29 pm to be served on **Acrisure Holdings, Inc. c/o Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **5th day of October, 2021** at **12:40 pm, I:**

served **Acrisure Holdings, Inc. c/o Corporation Service Company** by delivering a true copy of the **Summons, Complaint for Declaratory Judgment and Money Damages with Exhibit 1** to: Corporation Service Company as **Registered Agent, BY LEAVING THE SAME WITH** Alisha Smith as **Authorized to Accept** at the address of: **2 Sun Court, Suite 400, Peachtree Corners, GA 30092**.

Additional Information pertaining to this Service:
10/5/2021  12:40 pm  Perfected corporate service at 2 Sun Court Suite 400, Peachtree Corners, GA 30092, by serving Alisha Smith, CSC Coordinator.

Black female, black hair, ~35-40 years old, ~5'8, ~150 lbs, no glasses.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

Subscribed and Sworn to before me on the 6th day of October, 2021 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

**Christopher Todd Horton**
Process Server

Ancillary Legal Corporation
2900 Chamblee Tucker Road
Building 13
Atlanta, GA 30341
(404) 459-8006

Our Job Serial Number: ANC-2021010738
Ref: Hix



Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2d