UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM HIX, | ) |
|    Plaintiff–Counterclaim Defendant, | ) ) ) |
| v. | ) ) |
| ACRISURE HOLDINGS, INC., | ) Case No. 1:21-cv-04541-MLB |
|    Defendant–Counterclaim Plaintiff, | ) ) ) |
| ACRISURE, LLC, | ) ) |
|    Counterclaim Plaintiff. | ) ) |

## UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL

Plaintiff William Hix hereby moves this Court for leave to file under seal the Asset Purchase Agreement and Employment Agreement that Defendant Acrisure alleges in its Counterclaims that Mr. Hix has breached. Mr. Hix has provisionally filed these two documents under seal in accordance with the Court's procedures for filing documents under seal. In support of his motion for permanent seal, Mr. Hix states as follows:

    1.    The Counterclaims allege that Acrisure, LLC and Mr. Hix are parties to two "valid and binding contract[s]": an Asset Purchase Agreement ("APA") and an Employment Agreement. Countercls. ¶¶ 11, 13 [Dkt. 4].

2. Acrisure and Mr. Hix entered into these agreements in 2015 when Acrisure purchased Mr. Hix's Atlanta insurance agency, PentaRisk. *Id.*

3. The Counterclaims allege that Mr. Hix breached the APA and the Employment Agreement. *Id.* ¶¶ 95–100 (Count II, breach of APA), 101–105 (Count III, breach of Employment Agreement).

4. Acrisure did not attach either the APA or the Employment Agreement to its Counterclaims, nor did it excerpt the provisions of those contracts which Mr. Hix is alleged to have breached.

5. By way of explanation of its failure to attach, Acrisure states only that "[t]he APA is a confidential document that contains proprietary, commercially sensitive information and trade secrets." *Id.* ¶ 21 n.3. Acrisure gives no explanation for its failure to attach the Employment Agreement.

6. Nonetheless, Mr. Hix acknowledges that both the APA and the Employment Agreement are commercially sensitive documents that contain confidential information about how Acrisure operates its business.

7. Mr. Hix agrees that Acrisure has a legitimate interest in keeping these documents confidential and that Acrisure would likely be harmed in its business if these documents are made public.

8. In *Romero v. Drummond Co.*, 480 F.3d 1234 (11th Cir. 2007), the

Eleventh Circuit explained that the common law right of access to Court-filed materials may be overcome by a showing of a party's interest in keeping the information confidential:

> The common law right of access may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential. [W]hether good cause exists . . . is . . . decided by the nature and character of the information in question. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* at 1246 (quotations and citations omitted). Significantly, *Romero* recognizes that the "degree of and likelihood of injury if made public" weighs in favor of maintaining confidentiality. *Id.*

9. Acrisure is likely to be injured if the terms upon which Acrisure acquires insurance agencies become public. In Acrisure's own words, "Acrisure has been built through the acquisition of insurance brokerages across the United States and in select global markets." Countercls. ¶ 7; *see also* https://www.acrisure.com/about-acrisure/ ("#1 Fastest-Growing brokerage in Industry History").

10. The APA sets forth the terms governing Acrisure's purchase of an insurance agency like PentaRisk, and the Employment Agreement sets forth the terms governing Acrisure's employment of the former agency's employees, like Mr. Hix. Mr. Hix appreciates that Acrisure's business model of acquiring agencies is likely to be weakened if these documents are made public.

11. Counsel for Mr. Hix have conferred with counsel for Acrisure, and Acrisure does not oppose this motion for leave to file under seal.

12. Good cause exists for sealing both of these documents. Acrisure derives an economic benefit from its ability to negotiate and realize the acquisition of insurance agencies and their employees. Disclosure of these documents may injure Acrisure and put it at a commercial and competitive disadvantage.

13. For the Court's convenience and in conformance with N.D. Ga. L.R. App'x H, § II(J)(2)(d), a proposed order is attached to this filing as Exhibit 1.

Respectfully submitted, this 1st day of December, 2021.

/s/ Robert L. Ashe III
Robert L. Ashe III
Georgia Bar No. 208077
ashe@bmelaw.com
Jennifer L. Peterson
Georgia Bar No. 601355
peterson@bmelaw.com
BONDURANT MIXSON & ELMORE, LLP
1201 West Peachtree Street, NW
Suite 3900

Atlanta, GA 30309
Telephone: 404.881.4100
Fax: 404.881.4111

*Attorneys for Plaintiff William Hix*

## **LOCAL RULE 7.1(D) CERTIFICATION**

The undersigned hereby certifies that the foregoing UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL and the accompanying proposed order were prepared in Times New Roman 14-point font, pursuant to Local Rule 5.1(C).

This 1st day of December, 2021.

*/s/ Robert L. Ashe III*
Robert L. Ashe III
Georgia Bar No. 208077

## **CERTIFICATE OF SERVICE**

I certify that on this day, I filed this document using the Court's CM/ECF system, which will automatically email the document to all counsel of record. This 1st day of December, 2021.

                                        */s/ Robert L. Ashe III*
                                        Robert L. Ashe III
                                        Georgia Bar No. 208077