## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

WILLIAM HIX,

      Plaintiff/Counterclaim Defendant,

v.

ACRISURE HOLDINGS, INC.,

      Defendant/Counterclaim Plaintiff,
      and

ACRISURE, LLC,

      Counterclaim Plaintiff.

Case No. 1:21-cv-4541-MLB

## STIPULATION AND CONSENT PROTECTIVE ORDER

The parties, through their counsel, stipulate and agree to be bound by the following Stipulation and Protective Order regarding discovery in this case.

1.     This Stipulation and Protective Order (the "Stipulation and Order") shall govern the production and exchange of all information produced, given, or exchanged by and among all parties, or received from third parties pursuant to paragraph 21 herein, in the above-captioned action (the "Action"), including all deposition testimony, testimony taken at hearings or other proceedings, interrogatory answers, documents and all other discovery materials, whether

produced informally or in response to requests for discovery (collectively, "Litigation Materials").

2.      Each party shall use the Litigation Materials and the information therein solely for the purpose of preparing for and conducting this Action (including any appellate proceedings in the Action).  The Litigation Materials shall not be disclosed or used for any other purpose, including without limitation, for purposes of any other litigation, action, claim or proceeding or any business, commercial, or competitive pursuit, without consent of the parties or order of the Court. However, neither party shall be restricted under this Paragraph from using information contained in Litigation Materials that is already known to the party receiving them, that is generally known to the public, or that can be recreated through publicly-available means.

3.      Any inadvertent or mistaken production of Litigation Materials shall be without prejudice to any claim that such material is subject to the attorney-client privilege, the accountant-client privilege, the work-product doctrine, or any other privilege or protection from disclosure, and shall not operate to waive such privilege or protection from disclosure.  Promptly after learning that a document subject to the attorney-client privilege, the accountant-client privilege, the work product doctrine, or other privilege or protection has been mistakenly produced, the party that

produced or disclosed the material (the "Producing Party") shall notify counsel for the party to whom the privileged or protected Litigation Materials were produced or disclosed (the "Receiving Party"), in writing, of the fact of inadvertent disclosure and the date inadvertent disclosure was first discovered.  If a claim of inadvertent or mistaken disclosure is made pursuant to this paragraph, the Receiving Parties shall within 7 days confirm in writing that material and all copies thereof have been deleted or destroyed.   The Receiving Party shall not use such material for any purpose.

4.     The return or deletion of the Litigation Materials in accordance with Paragraph 3 shall be without prejudice to the Receiving Party's right to challenge the claim of privilege or other protection with respect to the returned or deleted Litigation Materials.

5.     Counsel for any party subject to discovery in the Action may designate any Litigation Materials that it produces or discloses in the course of the Action as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" when the Producing Party in good faith believes that the Litigation Materials constitute, contain, or reveal, or a compilation of which would constitute, contain, or reveal, confidential, non-public business or financial information, including, by way of non-limiting

examples: non-public business information, and information that is protected from disclosure under state or federal law.

6.     Counsel for any Producing Party may designate any Litigation Materials that it produces or discloses in the course of the Action as "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" when the Producing Party in good faith believes that the Litigation Materials constitute, contain, or reveal, or a compilation of which would constitute, contain, or reveal, recent and highly competitively sensitive business or financial information, not known to the public, the disclosure of which, beyond that permitted by this Stipulation and Order, presents a meaningful risk of injury to the business of the Producing Party or third parties, and/or a risk of harming the competitive position of the Producing Party or third parties.  The parties agree that this designation should be used sparingly and may not be used to with the purpose or effect of disadvantaging either party regarding access to discovery needed to prosecute the claims and defenses in this case.

7.     A Producing Party may designate Litigation materials CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER by:

a.    stamping or otherwise marking Litigation Materials with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER," in a manner that will not interfere with their legibility and that does not cover any text or content of a document; or,

b.    by notifying counsel for the Receiving Party of the designation, in writing, with regard to specifically identified materials (such as natively produced documents).

8.    A Producing Party may designate deposition or other testimony, or a portion thereof, CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER by:

a.    Stating orally on the record of the deposition that certain information or testimony is CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER; or

b.    Sending written notice to counsel for all parties to the Action within fourteen (14) days after receipt of the deposition transcript, designating all or a portion of the transcript as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO

PROTECTIVE ORDER.  Until expiration of this fourteen (14) day period, all deposition testimony and transcripts of the same shall be treated as ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER.

9.     Inadvertent failure to designate Litigation Materials as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER shall not constitute a waiver of such claim and may be corrected by retroactive designation. The Producing Party may within thirty (30) days of discovery of the inadvertent failure to designate, but no later than one month after the close of discovery, designate the material as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER by notice to counsel for all parties to the Action, in writing, specifically identifying the Litigation Materials or portions thereof to receive such designation.  Such retroactive designation shall constitute a representation that the failure to designate was in fact inadvertent.  A Receiving Party who has disclosed Litigation Materials which are subsequently designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER shall in good faith assist the Producing Party in retrieving the material from all recipients not entitled to receive such Litigation Materials under the terms of this Stipulation and

Order, and shall in good faith prevent further disclosures except as authorized by this Stipulation and Order.

10.     To the extent that any Producing Party discloses or produces Litigation Materials in this Action that contain the confidential information of another party, such other party (the "Designating Party") (in addition to the Producing Party) may designate the information CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER by providing written notice to all parties who received the documents or information within fourteen (14) days after the disclosure to the Designating Party.  The Producing and Receiving Parties shall in good faith assist the party designating the information as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER in retrieving the material from all recipients not entitled to receive such Litigation Materials under the terms of this Stipulation and Order, and shall in good faith prevent further disclosures except as authorized by this Stipulation and Order.

11.   Litigation Materials designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall not be disclosed by the Receiving Party to persons other than:

a.      Any current or former officer, director, or employee of the parties in this action who has a legitimate need to see the information in connection with counsel's prosecution and defense of this action, including but not limited to, deposition and trial testimony;

b.      Outside counsel to the parties in this action, including co-counsel of record, partners, counsel, associates, legal assistants, and clerical or other support staff who are employed by counsel or are working under the express direction of counsel;

c.      In-house counsel for Acrisure Holdings, Inc. and Acrisure, LLC;

d.      Clerical and data processing personnel who are not regularly employed by the parties or their counsel, but are involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and/or review of Litigation Materials, to the extent reasonably necessary to assist a party or its counsel in this action, provided that before receiving CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Litigation Materials, such personnel is made aware of and agrees to be bound by the terms of this Stipulation and Order, either through execution of an Acknowledgement in the form of Attachment A hereto, or through its agreement with the party requesting its services;

e.     The Court, any court or other body exercising appellate jurisdiction with respect to the determinations of the Court, and any other court or person appointed by the Court to address an issue related directly to discovery in this Action;

f.     Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof; who is alleged by a party to be an author, addressee, or recipient thereof; or who counsel believes in good faith has previously received the document or information by legal means from the producing party;

g.     Court reporters, stenographers, and videographers employed for the purpose of transcribing and/or recording testimony or argument at any hearing, trial or deposition in the Action (including any appeals);

h.     Any mediator engaged by the parties in connection with the Action;

i.     Any witness and his/her counsel, to the extent disclosure is reasonably necessary, provided that before receiving or being advised of the contents of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Litigation Materials, such witness shall agree to be bound by this Stipulation

and Order, and execute an Acknowledgement in the form of Attachment A hereto;

j.      Experts or consultants retained in connection with this Action who first agree to be bound by this Stipulation and Order, and execute an Acknowledgment in the form of Attachment A hereto; and

k.      Any other person upon Order of the Court or upon stipulation of the Producing Party or the counsel for the Producing Party.

12.    Litigation Materials designated ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER may be viewed only by the receiving outside attorneys of record signing this Stipulation and Order, including the outside co-counsel of record, partners, counsel, associates, legal assistants, and clerical or other support staff who are employed by or working under the express direction of outside counsel.  Litigation Materials so designated may not be disclosed to any other employees of the parties, including legal assistants, clerical staff, or other support staff.  Litigation Materials so designated may not be disclosed to any other person by the receiving attorney, unless pursuant to the written acknowledgment of the Producing/Designating Party or a Court Order.  Notwithstanding the above, Litigation Materials so designated may be disclosed by the Receiving Party to the following persons:

a.    Independent clerical and data processing personnel who are not regularly employed by the parties or their counsel, but are involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and/or review of Litigation Materials, to the extent reasonably necessary to assist a party or its counsel in this action, provided that before receiving ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials, such personnel is made aware of and agrees to be bound by the terms of this Stipulation and Order, either through execution of an Acknowledgement in the form of Exhibit A hereto, or through its agreement with the party requesting its services;

b.    The Court, any court or other body exercising appellate jurisdiction with respect to the determinations of the Court, and any other court or person appointed by the Court to address an issue related directly to discovery in this Action;

c.    Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof;

d.    Court reporters, stenographers, and videographers employed for the purpose of transcribing and/or recording testimony or argument at any hearing, trial or deposition in the Action (including any appeals);

e.      Any mediator engaged by the parties in connection with the Action;

f.      Independent experts, consultants, or translators retained in connection with this Action who first agree to be bound by this Stipulation and Order, and execute an Acknowledgement in the form of Exhibit A hereto;

g.      Any other person upon Order of the Court or upon stipulation of the Producing Party; and

13.     Any executed Acknowledgments of persons agreeing to be bound by this Stipulation and Order shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by any party.

14.     Persons authorized to receive CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials pursuant to the terms of this Stipulation and Order may make copies of documents, discovery responses, or other Litigation Materials designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER as reasonably necessary in connection with this Action without the permission of the Producing Party or an Order of the Court, provided that such copies are also treated

as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER.

15.    If any party objects to the designation of any discovery materials as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER, the party shall state the objection by letter or email to counsel for the Designating (and, if different, the Producing) Party.  If the Designating/Producing Party refuses to withdraw the designation or the objecting party refuses to withdraw the objection, then the objecting party must, within seven (7) days after such objection, hold a good-faith discovery conference consistent with Judge Brown's standing order before filing a Joint Statement Regarding Discovery Dispute, if necessary.    The Designating/Producing Party shall bear the burden of supporting the designation. Until the Court rules on any discovery dispute, the discovery materials shall continue to be treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER.

16.    The parties agree that the designation of any Litigation Materials as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER is not intended to be, and shall not be construed as, an admission that the Litigation Materials are relevant to

any party's claim or defense, admissible, not subject to an applicable privilege or protection, proportional to the needs of the case, or any evidence that the content of such Litigation Materials constitutes confidential, proprietary, or trade secret information.

17. Pursuant to the Court's Standing Order Regarding Civil Litigation (Dkt. 2 at 6-7), any document, material, or other information designated as entitled to protection under this order, which is submitted to the Court in support of a pleading or motion, or introduced at a hearing, trial, or other proceeding in this action, may continue as protected material only by order of the Court in accordance with these procedures. If information entitled to protection under this order is submitted to the Court in support of a pleading or motion, such information shall maintain its protected status for ten (10) days. During this ten-day period, the party who designated the information as protected may move the Court to continue the protected status of the information by filing a motion for continued protection. The moving party shall indicate whether the motion is opposed. If the motion is opposed, the opposing party shall have five (5) days from the date that the original motion is filed to file a response.

18. A party who seeks to introduce protected information at a hearing, trial, or other proceeding shall advise the Court at the time of introduction that the

information sought to be introduced is protected.  If the party who designated the information as protected requests the protection be continued, the Court will conduct an in camera review of the information to determine if the information is entitled to continued protection.

19.    Appeal.  In connection with any appeal in this Action, all Litigation Materials designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER shall be subject to the provisions of this Stipulation and Order, and shall be filed with the appropriate court in accordance with the applicable rules of that court.

20.    Nothing in this Stipulation and Order shall preclude a party from seeking, by written agreement of the signatories hereto or by the Court's order, further, greater, or lesser protection with respect to Litigation Materials than is provided for in this Stipulation and Order, or other modification of the Stipulation and Order.

21.    This Stipulation and Order is applicable to Litigation Materials provided by any non-party from whom discovery is sought in this Action.  Such non-party may obtain the protections of the Stipulation and Order by giving written notice to the parties that its provision of Litigation Materials is being designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S

EYES ONLY – SUBJECT TO PROTECTIVE ORDER.  The non-party may itself stamp or otherwise mark Litigation Materials with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER," in a manner that will not interfere with their legibility and that does not cover any text or content of a document, and if it does not, the party receiving such information from a non-party will so mark the documents.

22.    Nothing in this Stipulation and Order shall be construed as a waiver of a party's right to object to any discovery request on any grounds and to object to the admission on any grounds of any Litigation Materials as evidence at any trial or hearing.  The parties agree that by consenting to this Stipulation and Order, no party is agreeing that any Litigation Materials that were produced or which will be produced may be properly designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER; that no party is waiving its right to challenge the designation of any Litigation Materials produced; and that all such rights to challenge the designation of any Litigation Materials produced are fully preserved.

23.    Nothing in this Stipulation and Order shall be construed to limit in any way a party's use of its own CONFIDENTIAL – SUBJECT TO PROTECTIVE

ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials, including disclosure of such materials.

24.   If, in connection with any judicial, administrative, or legislative proceedings, any party (or its counsel) receives a subpoena or other compulsory process demanding documents, information or other material designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER pursuant to this Stipulation and Order, that party or counsel shall give notice to the Producing Party at least fourteen (14) days prior to the return date of the subpoena or other compulsory process, unless otherwise prohibited by law.  If the subpoena or other compulsory process has a return date of less than fourteen (14) days, notice shall be given to the Producing Party (or designating party) in writing or by telephone as soon as practicable unless otherwise prohibited by law.  If application for protective order is made before the time set forth in the subpoena or other compulsory process for compliance therewith, the subpoenaed party shall not produce the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials absent consent of the Producing Party, unless required to do so by applicable law or by Court Order.

25.     Disclosure of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials by any person or in any manner not permitted by this Stipulation and Order shall not result in a waiver of or otherwise limit the right of a party or non-party to enforce the provisions of this Stipulation and Order.

26.     The terms of this Stipulation and Order shall, absent written agreement of the parties or the Court's Order, remain in full force and effect throughout and after the final resolution of the Action, including until all appeals involving the Action have been exhausted, the time to appeal in the Action has expired, or the parties in the Action have reached a final settlement of all pending claims between them ("Final Resolution").  Upon Final Resolution and no later than sixty (60) days after the Producing Party's request, counsel and the parties shall use commercially reasonable efforts to either destroy or return all copies of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials (including document productions and summaries thereof) to counsel for the Producing Party, and shall certify that such destruction or return has been completed.  Notwithstanding the foregoing, counsel for the parties may retain its file, including but not limited to court filings, official transcripts, exhibits, correspondence, e-mails, and any excerpts

from the document productions that counsel incorporated into their primary files or any work product, provided that any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER information therein shall continue to be treated as such, as provided for in this Stipulation and Order.

27.    The parties agree to be bound by the terms of the Stipulation and Order upon signing by counsel for each of the parties.  Violation of its terms shall be subject to the same sanctions and penalties as set forth by the Court.

SO STIPULATED:

This 1st day of April, 2022.

By: */s/ Robert L. Ashe*          
Robert L. Ashe III
Georgia Bar No. 208077
ashe@bmelaw.com
Fredric J. Bold, Jr.
Georgia Bar No. 544604
bold@bmelaw.com
Jennifer L. Peterson
Georgia Bar No. 601355
peterson@bmelaw.com

BONDURANT MIXSON &
ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, NW
Atlanta, Georgia 30309
Telephone: 404-881-4100
Facsimile: 404-881-4111

*Attorneys for Plaintiff*

*/s/ Jeffrey A. Zachman*          
Jeffrey A. Zachman
Georgia Bar No. 254916
Jeffrey.zachman@dentons.com
Uchenna Ekuma-Nkama
Georgia Bar No. 957861
Uchenna.ekuma-
nkama@dentons.com

DENTONS US LLP
303 Peachtree Street, N.E.
Suite 5300
Atlanta, Georgia 30308
Telephone:  (404) 527-4000

Lisa Krigsten (pro hac vice)
Lisa.krigsten@dentons.com

*Attorneys for Acrisure Holdings,*
*Inc. and Acrisure LLC*

**IT IS SO ORDERED** this 4th day of April, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

WILLIAM HIX,

                Plaintiff/Counterclaim Defendant,

v.

ACRISURE HOLDINGS, INC.,

                Defendant/Counterclaim Plaintiff,
                and

ACRISURE, LLC,

                Counterclaim Plaintiff.

Case No. 1:21-cv-4541-MLB

## <u>ACKNOWLEDGEMENT OF AGREED PROTECTIVE ORDER</u>

I, _____, do hereby certify that:

I have been provided with a copy of the Stipulation and Consent Protective Order ("Order") in above-styled action; I have reviewed the Order and understand its terms; and I agree, upon penalty of contempt and other civil remedies, to be bound by the terms and conditions set forth in the Order.

Executed on this _____ day of _____, 202__.

_____
Signature

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on this day, I filed the foregoing STIPULATION AND

CONSENT PROTECTIVE ORDER using the Court's CM/ECF system, which

will automatically email the document to all counsel of record.

This 1st day of April, 2022.

*/s/ Fredric J. Bold, Jr.*
Fredric J. Bold, Jr.
Georgia Bar No. 544604
bold@bmelaw.com