# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

William Hix,

    Plaintiff,

        Case No. 1:21-cv-4541-MLB

v.

Acrisure Holdings, Inc.,

    Defendant.

_____/

Acrisure Holdings, Inc. and
Acrisure, LLC,

    Counterclaim
    Plaintiffs,

v.

William Hix,

    Counterclaim
    Defendant.

_____/

## **OPINION & ORDER**

In 2015, Acrisure, LLC bought PentaRisk Insurance Services, LLC (an insurance brokerage) from William Hix. As part of the deal, Hix became an employee of Acrisure, LLC and acquired shares in Acrisure

Holdings, Inc. (Acrisure, LLC's parent company).  Acrisure, LLC later fired Hix for artificially inflating PentaRisk's revenue, stealing client checks, and charging personal expenses to the company.  Acrisure Holdings also took back Hix's shares—without paying for them—to cover some of the losses attributable to his misconduct.  Hix sued Acrisure Holdings for misappropriating his shares.  Acrisure, LLC and Acrisure Holdings (together, "Acrisure") countersued Hix for his misconduct as an employee.

Earlier this year, the Court dismissed—to one degree or another— Acrisure's counterclaims for fraud, unjust enrichment, civil theft, and injunctive relief.  Acrisure now moves to amend those counterclaims. (Dkt. 46.)  The Court denies Acrisure's motion as untimely.

## I.   Acrisure Must Show Good Cause to Amend

"[M]otions for amendment of pleadings are generally governed by the liberal amendment policy embodied in Rule 15(a)."  *Foster v. Bridgestone Americas, Inc.*, 2012 WL 266479, at *1 n.1 (S.D. Ala. Jan. 30, 2012).  But "[w]hen a motion to amend is filed after a . . . scheduling order has been entered and its deadline to amend has passed, the movant must first meet the more demanding good cause standard of Rule 16(b)."  *Felio*

2

*v. Hyatt*, 2014 WL 12634467, at *6 (N.D. Ga. Aug. 7, 2014); *see Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).  "This means the likelihood of obtaining permission to amend diminishes drastically after the court enters a scheduling order with deadlines for amendments that have expired."  *Kozyrev v. Ponomarenko*, 2020 WL 977635, at *1 (S.D. Fla. Feb. 28, 2020).

The parties claim Acrisure's motion is subject to Rule 16.  (Dkts. 46 at 1; 46-1 at 5–9; 48 at 8.)  The Court agrees.  The operative Scheduling Order incorporates the Joint Preliminary Report and Discovery Plan, which states: "Amendments to the pleadings submitted LATER THAN THIRTY DAYS after [December 10, 2021] will not be accepted for filing, unless otherwise permitted by law."  (Dkts. 11 at 4; 12).  This establishes an amendment deadline of January 10, 2022.  *See Goolsby v. Gain Techs., Inc.*, 362 F. App'x 123, 127, 131 (11th Cir. 2010) (scheduling order approved joint preliminary report and discovery plan, thereby incorporating amendment deadline listed in that filing).  Acrisure filed its motion on August 17, 2022, more than seven months ***after*** the Scheduling Order's deadline.  So Acrisure cannot amend its counterclaims unless it demonstrates good cause.

## II.   Acrisure Has Not Shown Good Cause to Amend

"[I]n order to satisfy Rule 16's good cause standard, [Acrisure] must show diligence in pursuing [its] claims." *Anderson v. Brown Indus.*, 614 F. App'x 415, 417 (11th Cir. 2015).   This means Acrisure must show (1) the information underlying its proposed amendment was previously undiscoverable, and (2) Acrisure moved to amend promptly after discovering the information.   *See Diversey, Inc. v. Pops Techs., LLC*, 2019 WL 11003292, at *4 (N.D. Ga. Nov. 13, 2019) (good cause depends on "(1) when the information giving rise to the proposed amendment became available and (2) how promptly the plaintiff moved to amend the complaint after obtaining the new information").   Acrisure has not met its burden on either prong.

### A.   Prior Undiscoverability

Acrisure must first show its newly alleged facts "previously were undiscoverable" despite reasonable diligence.   *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1367 (11th Cir. 2007); *see Donley v. City of Morrow, Georgia*, 601 F. App'x 805, 812 n.3 (11th Cir. 2015) ("[T]he party seeking to amend must . . . show that he has been diligent in pursuing

whatever information he needed to amend the complaint."). Acrisure has not made that showing.

Acrisure's proposed amendments exceed 30 pages and include new details about Hix's alleged scheme to inflate PentaRisk's revenue, steal client checks, and charge personal expenses to the company (plus some related misconduct). (*See* Dkt. 46-3.) Acrisure claims it could not have discovered this information earlier because "Hix was responsible for the oversight of . . . PentaRisk," "Hix went to considerable effort to conceal information from Acrisure," and "Acrisure was not able to uncover [some] of Hix's schemes until it received discovery from Hix and from third parties in this litigation." (Dkt. 46-1 at 6–8.) But this explanation is too "vague and unspecific" to show diligence. *Scarlata v. Tripwire Interactive, LLC*, 2020 WL 10485697, at \*3 (N.D. Ga. Sept. 17, 2020); *see Smith*, 487 F.3d at 1367 (movant must "indicate with [some] specificity the good cause he had for untimely moving to amend his complaint"). For example, when did Acrisure uncover which information? How did Hix conceal that specific information previously? Why was formal discovery the only way—and the soonest way—to get the information? Hix warned Acrisure it was required to provide these details. (*See* Dkt. 48 at 10

("Acrisure has not identified what it learned when or why those facts could not have been discovered earlier.").) But Acrisure never did. Instead, it simply lumped together more than 30 pages of amendments and applied a list of generalized excuses to the entire mass. That is insufficient. *See Insight Sec., Inc. v. Deutsche Bank Tr. Co. Americas*, 2022 WL 2313980, at *6 (11th Cir. June 28, 2022) ("Determining a party's diligence [under Rule 16] is a fact intensive analysis.").

Even if Acrisure had tried to meet its burden in the proper way, the Court doubts it could have done so. Acrisure's amendments generally arise from the same fraudulent scheme that has been at the heart of this case from the beginning. Acrisure has known about—and had every reason to investigate—that scheme for years: when it fired Hix in 2020, when it unilaterally seized Hix's shares in 2021, when the parties filed dueling lawsuits more than a year ago, when Hix moved to dismiss last year, and when discovery began eight months before Acrisure sought to amend. Each of these events was significant, occurred long ago, and revolved around the same fraudulent scheme undergirding Acrisure's proposed amendments. So it is hard to believe Acrisure could not have discovered previously much of the information it wants to add now. *See*

*Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11th Cir. 2007) (no good cause because, "with some investigation, [movant] could have discovered" the basis for its proposed amendment earlier).

That is especially so because Acrisure's amendments are based—in substantial part—on information contained in Acrisure's own documents. Acrisure has long known these documents were key to understanding Hix's alleged scheme.  (Dkt. 15 at 10 (identifying several Acrisure documents relevant to this litigation as of last year).)  But it seemingly failed to review them until it was required to do so "as part of responding to Hix's discovery requests."  (Dkt. 46-1 at 8).  "What [Acrisure] actually complains of, then, is not that the facts were *not* ascertainable, but that it took [Acrisure] too long to conduct discovery.  That is not due diligence. And it is thus not good cause." *MidAmerica C2L Inc. v. Siemens Energy Inc.*, 25 F.4th 1312, 1336 (11th Cir. 2022); *see PPDG, LLC v. Templeton*, 2015 WL 3938679, at *2 (M.D. Fla. June 26, 2015) (no good cause to amend because "the only [discovery] exchange has been Plaintiff's disclosure of its *own documents*, [meaning] the information upon which

Plaintiff bases its need for amendment necessarily was available to Plaintiff prior to the expiration of the deadline" (emphasis added)).

### B.   Promptness to Amend

Even if the information underlying Acrisure's amendments was previously undiscoverable, the Court would still deny leave to amend because Acrisure has not shown it acted promptly after discovering the information.

"The Eleventh Circuit has indicated that a delay of over a month in seeking amendment after learning the information on which the amendment rests is inconsistent with diligence and thus with good cause." *Parker v. Exterior Restorations, Inc.*, 2022 WL 15607104, at *4 n.11 (S.D. Ala. Oct. 27, 2022); *see S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1242 (11th Cir. 2009) (no good cause because movant "file[d] a motion to amend its complaint with information that it had known over a month before"); *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (three-month delay precluded good cause). Nothing suggests Acrisure moved to amend within a month of uncovering the information it now wants to add. One month, of course, is not a hard and fast rule. But nothing suggests Acrisure should be given

8

more than the one-month grace period typically allotted or, put differently, that the delay here was somehow reasonable.

At most, Acrisure claims it uncovered new information sometime during the eight-month discovery period preceding its motion. (*See* Dkt. 46-1 at 2.) But that kind of vague assertion is not enough under Rule 16. "Even when an amendment is sought because of new information obtained during discovery," no good cause exists where "the moving party unduly delays pursuit of the amended pleading." *Blanco v. Target Corp.*, 2021 WL 2474376, at *1 (M.D. Fla. Mar. 22, 2021). In other words, a party can obtain new information in discovery and still wait too long to seek an amendment. What matters is *when* the party obtained the information in discovery, not *that* it did so. That is particularly true here where the discovery period has been lengthy and, absent something unusual, Acrisure could not have been diligent unless it obtained new information at the *end* of discovery. Because Acrisure has not meaningfully identified when it obtained the information—all we have is a vague eight-month window—it has not met its burden to show diligence. *See Williams v. Bay Area Credit Serv., LLC*, 2014 WL 3644502,

at *1 (M.D. Fla. July 23, 2014) (no good cause to amend where the movant "does not allege when he learned of [the new] information").[1]

All of this might well have been different had Acrisure alleged it first found some identifiable information on a specific date and then moved to amend within a short period of time. That is Acrisure's clear—and not too difficult—burden. That it cannot make such an allegation demonstrates Acrisure's lack of good cause.

## C.   Acrisure's Arguments

Acrisure offers several counterarguments. None are availing.

Acrisure first claims (1) "[t]he Court expressly authorized Acrisure to move to amend its counterclaims" and (2) "[d]enying Acrisure's Motion for alleged lack of diligence effectively would nullify [that] invitation." (Dkt. 50 at 2–3.) But this reads too much into the Court's so-called "invitation." When Hix moved to dismiss Acrisure's counterclaims late last year, Acrisure "embed[ded] a cursory and conditional request to

---

[1] Acrisure's amendments claim Hix engaged in misconduct as late as February 2022. (Dkt. 46-2 ¶ 188.) Acrisure presumably discovered that misconduct sometime between February 2022 (when the misconduct occurred) and August 2022 (when Acrisure moved to amend). But a six-month window—while better than eight—is still too long to show diligence, at least on the record presented.

10

amend in its response [brief]." (Dkt. 42 at 42.)  This was an "improperly presented motion to amend." (*Id.* at 43.)  So the Court denied it and directed Acrisure to "file a proper motion to amend," if appropriate, within the next 30 days.  (*Id.*)  The Court did not say it would grant the motion, exempt any such motion from the normal rules governing amendment, modify the scheduling order, or make any kind of finding on diligence or good cause.  The Court simply instructed Acrisure to present its amendment request in the proper form (a motion) within a reasonable time (30 days).  Nothing about that unremarkable instruction changes the Rule 16 analysis, bars the Court from denying Acrisure's motion today, or makes it unfair to do so.

Acrisure next claims it acted diligently because, after the Court dismissed its counterclaims, Acrisure promptly moved to amend in order to cure the pleading deficiencies identified by the Court.  (*See* Dkts. 46-1 at 8; 50 at 3.)  But "the mere fact that [Acrisure] is seeking leave to file [an amended pleading] in light of the Court's disposition of the motion to dismiss is not a sufficient showing of good cause." *Banks v. Bosch Rexroth Corp.*, 2014 WL 868118, at *8 (E.D. Ky. Mar. 5, 2014); *see H.F.S. Properties v. Foot Locker Specialty, Inc.*, 2017 WL 10541170, at *3

(D. Minn. July 31, 2017) ("Generally, the[] cases prohibit a plaintiff from using a court's decision to dismiss the complaint . . . as justification to amend the complaint."). Acrisure cannot establish good cause by arguing "it did not know how to properly plead its Complaint until after the District Court gave its reasoning for dismissing [the] claims." *Target Corp. v. LCH Pavement Consultants, LLC*, 960 F. Supp. 2d 999, 1009 (D. Minn. 2013). Diligent parties know the law and do not need a court to tell them what they could figure out themselves. *See Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 538 (6th Cir. 2008) (Rule 16 "does not forgive a delayed appreciation of the relevant law"); *Oravec*, 527 F.3d at 1232 ("[T]he fact that [plaintiff] or his counsel misunderstood the scope of legal protection . . . does not constitute good cause."); *Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) (no good cause where plaintiffs "should have known" the law before the court dismissed their claims).

Of course, a court order sometimes does clear up genuine "legal uncertainty." *Shane*, 275 F. App'x at 538. And such an order may well constitute good cause to amend (since even diligent parties can misunderstand the law where it is truly uncertain). *See id*; *SE Prop.*

12

*Holdings, LLC v. McElheney*, 2021 WL 9181838, at *4 (N.D. Fla. Mar. 8, 2021) ("Rule 16 does not require clairvoyance, and . . . . an unsettled, changing legal landscape may create good cause within the meaning of Rule 16.")  But that is not what we have here.  Acrisure's counterclaims were clearly deficient from the start.  Acrisure did not need a court to tell it that.  Hix flagged the pleading deficiencies in his motion to dismiss.  But instead of amending—which Acrisure could have done in response— it simply waited for the Court to confirm the obvious.  "[N]othing precluded [Acrisure] from recognizing the flaws in [its] original [pleading]; [it] simply failed to do so." *Petrone v. Werner Enterprises, Inc.*, 940 F.3d 425, 434 (8th Cir. 2019).  That is not diligence.  *Id.*; *see United States v. Univ. Hosp., Inc.*, 2008 WL 11374344, at *3 (S.D. Ohio May 7, 2008) (no good cause to amend after adverse summary-judgment ruling because movant "should have reasonably anticipated" the ruling based on "obvious" law).

Acrisure also claims it has good cause to amend because its proposed amendment would not add any new claims to this litigation and would not prejudice Hix.  (Dkt. 50 at 3–7.)  But prejudice is irrelevant under Rule 16.  All that matters is diligence.  So this argument is dead

on arrival. *See MidAmerica*, 25 F.4th at 1335 ("If a party was not diligent, the good cause inquiry should end."); *Donley*, 601 F. App'x at 812 ("Mathis's arguments—that he did not act in bad faith and that the Defendants would not have been prejudiced—ignore Rule 16(b) and do not show diligence or good cause for granting leave to amend."); *Romero*, 552 F.3d at 1319 ("To establish good cause, the party seeking the [amendment] must have been diligent."); *Sheffler v. Americold Realty Tr.*, 2022 WL 1815509, at *4 (N.D. Ga. Apr. 21, 2022) (movants lacked good cause to amend because they were not diligent, even though they "d[id] not seek to add new claims" and had previously amended only once); *Diversey*, 2019 WL 11003292, at *5 ("The Rule 16 inquiry does not turn on issues of prejudice."); *Mason v. George*, 2014 WL 583004, at *1 (M.D. Ga. Feb. 13, 2014) ("[P]rejudice . . . does not factor into the Court's analysis under Rule 16.").

### D.   Conclusion

"The standard for good cause under Rule 16 is a strict one." *Diversey*, 2019 WL 11003292, at *5. Acrisure has not made the "rigorous" showing required. *Nolen v. Wyndham Vacation Resorts, Inc.*, 2020 WL 9171962, at *1 (M.D. Fla. May 27, 2020). It has not shown the

information underlying its proposed amendment was previously undiscoverable.  Nor has it shown it moved to amend promptly after discovering new information.  So the Court denies Acrisure's motion.

## III.   Conclusion

The Court **DENIES** Acrisure's Motion for Leave to File Amended Answer and Counterclaims (Dkt. 46).

**SO ORDERED** this 8th day of December, 2022.


_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE